## W. E. MITCHELL *v.* M. A. BAILEY & Co.

**Contracts of Married Women.**
> A contract of a married woman, not entitled to transact a separate business, is void, but when she has parted with money or property by reason of such contract, her husband must join her in an action to recover.

**Disability of Wife.**
> A married woman, who has not been empowered to act as a feme sole, has no power to form a partnership with others.

### APPEAL FROM DAVIESS CIRCUIT COURT.

#### October 19, 1876.

OPINION BY JUDGE PRYOR:

The petition being defective, it is not necessary to notice the various alleged errors relied on for a reversal of the judgment. It appears on the face of the petition that the party, with whom the contract was made, was at the time of the institution of the action a married woman. She declares against the appellant as the wife of Bailey. The contract is signed by Mr. M. A. Bailey, and, she being a feme covert, the right of action, if any, was in the husband. A contract made by a married woman is absolutely void, but when she has parted with money or property by reason of such a contract the husband must be a party to the action. The court did not judicially know that she had been empowered to act as a feme sole; and when pleading the coverture in abatement the appellees still had the right to amend their petition. This they failed to do, but filed what is called a reply, to which no response was necessary, nor was it proper

to present such a traverse of the plea in abatement.

The issue having been made by the plea, and the burden being on the appellee to show that the disability of the wife had been removed, there is an entire absence of proof showing that she had been declared a feme sole with the right to sue.  So in either event the judgment must be reversed.  The demurrer, however, should have been sustained to the petition.  It there appeared that the plaintiff was a married woman.  She had no right to form a partnership with others.  Her contract was void, not only with the appellant, but with those to whom she transferred the claim.

The judgment is *reversed* and cause remanded with directions to permit the appellees to amend their petition, and for further proceedings consistent with this opinion.

*James Weir & Son, for appellant.    Owen & Ellis, for appellees.*